UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SKYLINE USA, INC.,            )
                              )
    Plaintiff,                )
                              )
v.                            )   Case No. 6:14-cv-210-JA-KRS
                              )
M.A.S. Ga LLC d/b/a           )
S & D WHOLESALE,              )
                              )
    Defendant.                )
_____)

# Case Management Report in Patent Cases

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [within 30 days after CMR Meeting] | August 29, 2014 |
| Certificate of Interested Persons and Corporate Disclosure Statement   [Immediately] | Completed |
| Motions to Add Parties or Amend Pleadings [3 months after CMR Meeting] | October 29, 2014 |
| Disclosure of Infringement Contentions [1 month after CMR meeting] | August 29, 2014 |

| **DEADLINE OR EVENT** (with Court recommended time frame) | **AGREED DATE** |
|---|---|
| Disclosure of Non-Infringement and Invalidity Contentions [within 1 month of above] | September 29, 2014 |
| Initial Identification of Disputed Claim Terms [within 1 month of above] | October 29, 2014 |
| Proposed Claim Term Constructions [within 1 month of above] | November 28, 2014 |
| Joint Claim Construction Statement [within 2 weeks of above] | December 12, 2014 |
| Plaintiff's Claim Construction Brief [within 1 month of above] | January 13, 2015 |
| Defendant's Response Brief [within 1 month of above] | February 13, 2015 |
| Joint Pre-Hearing Statement [within 1 week of above] | February 20, 2015 |
| Claim Construction Hearing [within 3 weeks of above] | March 13, 2015 |
| Amending Infringement, Non-Infringement, and Invalidity Contentions   [within 3 months of above] | June 12, 2015 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof [no sooner than 3 months and no later than 5 months of above] | October 13, 2015 |

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Disclosure of Rebuttal Expert Reports [within 1 month of above] | November 13, 2015 |
| Fact Discovery Deadline [within 2 months of Amendments] | August 12, 2015 |
| Expert Discovery Deadline [within 1 month of above] | September 11, 2015 |
| Dispositive Motions [within 2 months of above and at least 4 – 5 months prior to trial] | November 10, 2015 |
| Parties' Deadline to Meet and Confer *In Person* to Prepare Joint Final Pretrial Statement [10 days prior to deadline for the final pretrial statement] | December 10, 2015 |
| Parties' Deadline for Filing Joint Final Pretrial Statement (*Including* Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to chambers_FLMD_Conway@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); | December 20, 2015 |
| Parties' Deadline for Filing All Other Motions Including Motions *In Limine*   [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court] | January 20, 2016 |
| Trial Term Begins [Local Rules set goal of trial within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such is waived)] | February 2016 |

| **DEADLINE OR EVENT** (with Court recommended time frame) | **AGREED DATE** |
|---|---|
| Estimated Length of Trial   [trial days] | 2 days |
| Jury / Non-Jury | Non-Jury |
| Mediation                                                                 Deadline: <br><br> Mediator: <br><br> Address: <br><br><br> Telephone: <br><br>[Absent arbitration, mediation is mandatory; either 2 -3 months after CMR meeting or just after discovery deadline] | September 4, 2015 <br><br> Lawrence Kolin <br><br> 1065 W. Morse Blvd., Suite 100 Orlando, FL 32789 <br><br> (407) 488-5560 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ <br> No __X__ |

## I.    Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on <u>July 28, 2014</u> (date) at Zies Widerman & Malek, 1990 W. New Haven Ave., Suite 201, Melbourne, Florida 32904 and was attended by**:**

| **Name** | **Counsel for (if applicable)** |
|---|---|
| **Mark F. Warzecha, Esq.** | **Plaintiff** |
| **Amber Davis, Esq.** | **Defendant** |

II.  **Pre-Discovery Initial Disclosures of Core Information**

   **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged **X** agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by  August 29, 2014  (date).

Below is a description of information disclosed or scheduled for disclosure.

(a)   the name, address and phone number of each individual likely to have discoverable information, along with the subject matter of that information, that the disclosing party may use to support its claims or defenses;

(b)   a description by category of all documents that the disclosing party may use to support its claims or defenses;

(c)   a computation of damages; and

(d)   any appropriate insurance agreement.

III.  **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

   __   no party anticipates disclosure or discovery of ESI in this case;

    __ X __   one or more of the parties anticipate disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[1]

    A.   The form or forms in which ESI should be produced.

    B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F.   Any issues relating to preservation of discoverable ESI.

    G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that

---

[1] **See Generally:** *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and **Rule 16.**

minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each:

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, (check one):

____    one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

  **X**    all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper "including emergency motion"  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:      **X**      Yes                    _____    No

Amended Certificate will be filed by _____ (party) on or before _____ (date).

**B.     Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

The parties agree that service of process by e-mail before 6 p.m. Eastern time will be considered the equivalent of service by hand in accordance with Fed. R. Civ. P. 5(b)(2).

**C.     Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

   None

2. Interrogatories

   None

3. Document Requests

   None

4. Requests to Admit

   None

5. Supplementation of Discovery

   None

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

N/A

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

N/A

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file

under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation fo materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

The parties may enter into at least one confidentiality agreement relating to certain confidential records maintained by the parties.

**G.     Other Matters Regarding Discovery**

**VI.    Settlement and Alternative Dispute Resolution.**

    **A.     Settlement**

The parties agree that settlement is  \_\_\_\_\_  likely __X__  unlikely     (check one)

The parties request a settlement conference before a United States Magistrate Judge

    _____ yes __X__ no  _____  likely to request in future

B.   **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

_____ yes     __X__ no     _____ likely to agree in future

_____ Binding          _____ Non-Binding


C.   **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.


D.   **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:   N/A


Date: August 7, 2014

| | |
|---|---|
| /s/ Mark F. Warzecha | /s/ Amber N. Davis |
| Mark F. Warzecha, Esq. | Amber N. Davis, Esq. |
| Florida Bar No. 0095779 | Florida Bar No. 0026628 |
| **ZIES WIDERMAN & MALEK** | **BEUSSE WOLTER SANKS & MAIRE, P.A.** |
| 1990 W. New Haven Avenue, Suite 201 | 390 North Orange Avenue, Suite 2500 |
| Melbourne, Florida 32904 | Orlando, Florida 32801 |
| Telephone:  (321) 255-2332 | Telephone:  (407) 926-7700 |
| Facsimile:  (321) 255-2351 | Facsimile:  (407) 926-7720 |
| mfw@legalteamusa.com | adavis@iplawfl.com |
| **Attorney for Plaintiff** | **Attorney for Defendant** |