# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SKYLINE USA, INC., | § |
| | §   CIVIL ACTION NO. |
| Plaintiff, | § |
| v. | §   6:14-cv-210-ORL-22 |
| | § |
| M.A.S. Ga LLC d/b/a | § |
| S & D Wholesale, | § |
| | § |
| Defendant. | § |

**PLAINTIFF SKYLINE USA, INC.'S
INTERROGATORIES TO DEFENDANT M.A.S. GA. LLC D/B/A S & D WHOLESALE**

Plaintiff Skyline USA, Inc. ("Skyline USA") pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby requests Defendant M.A.S. Ga. LLC d/b/a S & D Wholesale ("S & D Wholesale") to answer the following interrogatories, under oath, by an officer or agent that has knowledge of the facts, within thirty (30) days after the date of service hereof.

**Definition of Terms and Instructions**

A.  As used herein, the terms "S & D Wholesale," "Defendant," and "you" or "your" refers to M.A.S. Ga. LLC d/b/a S & D Wholesale.

B.  Whenever an interrogatory requires the identity of a person, state to the extent known his or her full name, home and business address, and telephone number;

C.  Whenever an interrogatory requires the identity of a company or the response to an interrogatory would require the identification of a company, the company should be identified by giving the full company name, the state of incorporation, the address and principal place of business, and the telephone number of the company.

D.  Whenever an interrogatory seeks identification of prior art, the identification must be as specific as possible. Each prior art patent shall be identified by its number, country of

origin, and date of issue. Each prior art publication shall be identified by its title, date of publication and, where feasible, its author and publisher. The specific portion of the reference alleged to be prior art must be quoted verbatim or referred to specifically. Other prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or which made and received the offer. If it is alleged that a combination of prior art references renders a claim obvious, that combination must be identified.

E.   Each interrogatory calls for not only S & D Wholesale's knowledge, but also all information that is available to S & D Wholesale by reasonable inquiry and due diligence, including inquiry of its directors, officers, managing agents, representatives, and attorneys.

F.   If any interrogatory is not answered in full, state the specific grounds for not answering in full, and answer said interrogatory to the extent to which it is not objected to or is otherwise unable to be answered.

G.   In so far as any of the terms below are used herein, the following definitions apply:

(1)   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory or responses that which might otherwise be construed to be outside the scope;

(2)   The use of the singular form of any word includes the plural and vice-versa;

(3)   The term "patent in suit" means United States Design Patent No. D671,249;

(4)   The term "Patented Combined Flashlight and Stun Gun" means a product with the design as depicted in United States Design Patent No. D671,249.

(5)　　As used herein, the term "Accused Combined Flashlight and Stun Gun" means the S & D Wholesale Combined Flashlight and Stun Gun pictured as follows:

 

(6)　　The term "Plaintiff" refers to Skyline USA, Inc.;

(7)　　The term "Defendant" refers to M.A.S. Ga. LLC d/b/a S & D Wholesale;

(8)　　The term "'249 patent" refers to United States Design Patent No. D671,249;

H.　　Defendant's responses to these interrogatories are to be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1

State how many Accused Combined Flashlight and Stun Guns were sold by S&D Wholesale in the United States after November 20, 2012 and the selling price of each.

ANSWER:

### INTERROGATORY NO. 2

State the total profit S&D Wholesale made on sales of the Accused Combined Flashlight and Stun Guns sold in the United States after November 20, 2012 and describe how the profit was calculated including without limitation what variable and overhead costs were included in the profit calculation.

ANSWER:

### INTERROGATORY NO. 3

If the Accused Combined Flashlight and Stun Gun was regularly sold in the United States in a kit with other products, state what the other products were and the price of the kit.

ANSWER:

**INTERROGATORY NO. 4**

Identify who manufactured the Accused Combined Flashlight and Stun Guns sold by S&D Wholesale in the United States after November 20, 2012.

ANSWER:

**INTERROGATORY NO. 5**

Identify everyone who purchased the Accused Combined Flashlight and Stun Guns sold by S&D Wholesale in the United States after November 20, 2012 and state the amount purchased by each person or entity.

ANSWER:

**INTERROGATORY NO. 6**

Identify all prior art known to S & D Wholesale relating to the '249 Patent.

ANSWER:

**INTERROGATORY NO. 7**

If you contend the '249 patent is invalid and/or unenforceable, then describe in detail the factual and legal basis upon which S & D Wholesale bases each such contention.

ANSWER:

**INTERROGATORY NO. 8**

Describe in detail the factual basis for each legal theory upon which S & D Wholesale bases its contention that it has not infringed the '249 patent.

ANSWER:

**INTERROGATORY NO. 9**

Describe in detail the factual and legal basis for your contention in your thirteenth affirmative defense that "Plaintiff's Complaint is barred by prosecution history estoppel because the accused products are not within the scope of the claims of Patent No. D671,249 as demonstrated and limited by the doctrine of prosecution history."

ANSWER:

**INTERROGATORY NO. 10**

Describe in detail the factual and legal basis for your contention in your fourteenth affirmative defense that "Plaintiff's alleged design patent is directed to subject matter that is not "new, original and ornamental" as required by 35 U.S.C. § 171, but rather "primarily functional and dictated by its function," and therefore invalid."

ANSWER:

**INTERROGATORY NO. 11**

Describe in detail the factual and legal basis for your contention in your twenty-third affirmative defense that "On information and belief, the alleged Patent No. D671,249 is invalid, and cannot form the basis for a claim of infringement, because the purported inventor was not the real inventor, although he falsely claimed that he was the inventor of the subject matter thereof."

ANSWER:

**INTERROGATORY NO. 12**

Describe in detail the factual and legal basis for your contention in your twenty-fourth and twenty-fifth affirmative defenses that Plaintiff has been involved in fraudulent behavior.

ANSWER:

**INTERROGATORY NO. 13**

Describe in detail the factual and legal basis for your contention in your fourteenth affirmative defense that "Plaintiff's alleged design patent is directed to subject matter that is not "new, original and ornamental" as required by 35 U.S.C. § 171, but rather "primarily functional and dictated by its function," and therefore invalid."

ANSWER:

**INTERROGATORY NO. 14**

Describe in detail the factual and legal basis for your contention in your twenty-seventh affirmative defense that "the owner(s) of the patent in question have engaged in patent misuse in connection with the enforcement, licensing, or attempted enforcement and/or licensing thereof."

ANSWER:

**INTERROGATORY NO. 15**

Describe in detail the factual and legal basis for your contention in your twenty-eighth affirmative defense that "the Complaint is barred by pass-through license and implied license."

ANSWER:

**INTERROGATORY NO. 16**

Describe in detail the factual and legal basis for your contention that "[t]his case be declared an 'exceptional case' and that under 35 U.S.C. §285 Defendant be awarded its reasonable attorney's fees incurred in defense of this action."

ANSWER:

DATED:  January 5, 2015.

                                           */s/ Mark F. Warzecha*
                                           Mark F. Warzecha, Esq.
                                           Florida Bar No. 0095779
                                           **WIDERMAN MALEK, PL**
                                           1990 W. New Haven Avenue, Suite 201
                                           Melbourne, Florida 32904
                                           Telephone:  321-255-2332
                                           Facsimile:  321-255-2351
                                           MFW@USLegalTeam.com
                                           **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via email or first class mail upon counsel for defendants on January 5, 2015, as follows:

Amber N. Davis, Esquire
BEUSSE WOLTER SANKS & MAIRE, P.A.
390 North Orange Avenue, Suite 2500
Orlando, Florida 32801
adavis@iplawfl.com
**Attorney for Defendant**

                                                              */s/ Mark F. Warzecha*
                                                              Mark F. Warzecha, Esq.
                                                              **Attorney for Plaintiff**