# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SKYLINE USA, INC.,**

**Plaintiff,**

v.                                                              **Case No:   6:14-cv-210-Orl-22GJK**

**M.A.S. GA LLC,**

**Defendant.**

---

## ORDER

This cause comes before the Court on the Motion for Partial Summary Judgment of Invalidity and Unenforceability, (Doc. No. 24), and Motion for Summary Judgment of Noninfringement, (Doc. No. 31), of Defendant M.A.S. GA LLC, d/b/a S&D Wholesale ("S&D"). Plaintiff Skyline USA, Inc. ("Skyline") filed Responses in Opposition to both Motions, (Doc. Nos. 29 and 33, respectively). S&D filed a Reply[1] in support of its second Motion, (Doc. No. 37), but not its first. For the reasons provided herein, both Motions will be denied.

## I. BACKGROUND

### A. The '249 Patent

The co-owners of Skyline, Yasar and Shabbir Sheikh (collectively, the "Sheikhs") were issued United States Design Patent No. D671,249 (the "'249 Patent") on November 20, 2012, for a "Combined Flashlight and Stun Gun." (Doc. No. 1-2.) The Sheikhs filed the application[2] for this design on October 6, 2011. (*See* Doc. No. 24-2.) The '249 Patent claims "the ornamental design

---

[1] Confusingly, Defendant labeled this document as its "Reply Brief Regarding its Motion to Dismiss for Failure to State a Cause of Action." No such motion exists.

[2] The Application was numbered 29/403,451. (Doc. No. 24-2.)

for a combined flashlight and stun gun," and included the following depictions of the device and

corresponding legend:



**DESCRIPTION**

FIG. 1 is a perspective view of a combined flashlight and stun
gun, showing our new design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a left-side elevational view thereof, the right-side
elevational view being a mirror image thereof;
FIG. 5 is a top plan view thereof; and,
FIG. 6 is a bottom plan view thereof.
The broken lines are for environmental purposes only and
form no part of the claimed design.

(Doc. No. 1-2.)

**B. The Accused Design**

The Complaint alleges that S&D offered and sold an infringing combined flashlight and

stun gun during the term of the '249 Patent. The accused design is depicted as follows:



(Compl. ¶ 7.)

**C. Alleged Prior Art**

Most of S&D's arguments for summary judgment based on invalidity and inequitable conduct turn on the design characteristics of four devices that are allegedly undisclosed prior art references. The following images depict those devices, each of which S&D claims was commercially available in the United States at least one year before the Sheikhs filed the application that eventually became the '249 Patent.

1. Police Stun Gun Flashlight



(Doc. No. 24-6 ¶ 3.)

2. Chinese Police Force Flashlight



(Doc. No. 24-4 at 28.)

3. Hengwei HW-108 Model



(Doc. No. 24-7 ¶ 4.)

4. Skyline Stealth Model Flashlight Stun Gun



(Doc. No. 24-13.)

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must satisfy this initial burden by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Norfolk S. Ry. Co. v. Groves*, 586 F.3d 1273, 1277 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In response, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (citation and quotation marks omitted). Alternatively, the movant is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. When it conflicts, the court presumes the nonmoving party's evidence to be true and will draw all reasonable inferences in its favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003) (citation omitted). Ultimately, the standard for summary judgment is "whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252. However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255.

### III. NONINFRINGEMENT

In the Complaint, Skyline claims that S&D sold an infringing combined flashlight and stun gun after the issuance of the '249 Patent. The design accused in the Complaint is depicted as having electrodes concealed in the flashlight's bezel:



(Compl. at 4.) In its more recent Motion for Summary Judgment, S&D claims that it did not sell this device after November 20, 2012, when the '249 Patent was issued. Instead, S&D claims to have only sold a combined flashlight and stun gun with exposed, triangular electrodes that is not accused in the Complaint:



(Doc. No. 31 at 2.)

Summary judgment of noninfringement is unavailable for two reasons. First, even if S&D could prove that it did not sell the accused device during the term of the '249 Patent, S&D must also have refrained from offering to sell it. *See* 35 U.S.C. § 271(a) ("[W]hoever without authority

makes, uses, *offers to sell*, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.") (emphasis added); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000) (defining § 271(a) "offer to sell" "according to the norms of traditional contractual analysis"); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998) ("[A] description of the allegedly infringing merchandise and the price at which it can be purchased" may constitute an offer to sell). S&D has not even attempted to prove that it did not offer to sell the accused device during the term of the '249 Patent.

Second, Skyline has provided evidence in the form of a declaration by Yasir Sheikh, Skyline's co-owner, that identifies material issues of fact as to whether S&D actually sold the accused device during the '249 Patent term. (*See* Doc. No. 33-1.) Specifically, Yasir states that one of his colleagues was successful in buying the accused device from S&D at a trade show in 2013, (*id.* at ¶¶ 3-4), and an anonymous "distributor" that Yasir knows purchased 150 accused devices in March 2014, (*id.* ¶ 9; Ex. C). S&D attacks this evidence as incompetent and lacking credibility, but these complaints go to the weight of the evidence, and are left to the sound discretion of the trial jury. Generally, "a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253-54 (11th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769, 1776 (2007) (holding, in the context of video evidence, that a court should not adopt a party's version of the facts when it is "blatantly contradicted by the record")). The Sheikhs' declarations are competent and material, even if they are entirely self-serving.

## IV. INVALIDITY AND UNENFORCEABILITY

An accused design infringes a patented design if "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008) (en banc). S&D moves for partial summary judgment based on various affirmative defenses to infringement: invalidity due to anticipation, obviousness, and noninvention; and unenforceability due to inequitable conduct.[3]

### A. Invalid as Anticipated

A patent is invalid as anticipated if the invention or design "was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b) (2006). The same ordinary-observer test that applies to infringement also determines anticipation: whether "an ordinary observer would deem the patented material to be so similar to the prior art that he or she might mistake one for the other." *Unique Indus., Inc. v. 965207 Alberta Ltd.*, 843 F. Supp. 2d 86, 92 (D.D.C. 2012). The burden of proving invalidity due to anticipation rests with the accused infringer. *Id.* In this case, S&D asserts that the '249 Patent design was anticipated by the Chinese Police Force Flashlight, (Doc. No. 24-4 at 28), and the Police Stun Gun Flashlight, (Doc. No. 24-6 ¶ 3).

---

[3] The America Invents Act made numerous changes to the statutes governing patentability and invalidity, but those changes only apply to patents with effective filing dates on or after March 16, 2013. Pub. L. No. 112-29, § 3, 125 Stat. 284, 285-86, 293 (2011). For patents filed before that date, including the one at issue here, the previous version of the U.S. Code remains applicable. *See Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, No. 6:12-cv-33-Orl-28DAB, 2014 WL 4185297, at *4 n.8 (M.D. Fla. Aug. 22, 2014).

Although it is a close question, there are material issues of fact that preclude summary judgment of invalidity due to anticipation based on the designs of the Police Stun Gun Flashlight and the Chinese Police Force Flashlight.

First, Skyline has identified material issues of fact as to whether the Police Stun Gun Flashlight was actually described in a foreign country, or in use or for sale in the United States, more than one year prior to the filing date of the application for the '249 Patent. The Sheikhs filed their application on October 6, 2011, so the key date for anticipation purposes is October 6, 2010. The only evidence supporting S&D's assertion that the Police Stun Gun Flashlight was described or for sale before that date comes from the Declaration of Kate Lu, who is employed by its manufacturer. (*See* Doc. No. 24-6.) Lu submitted photographs of the Police Stun Gun Flashlight that she claims are from July 31, 2009, but only one photo has an electronic date, and it is expressed primarily in Chinese. (*Id.* at 4.) In a responsive Declaration, Yasir Sheikh cites the English-language version of Microsoft Windows and what appears to be an online Chinese-to-English translator, both of which suggest that this photo may have actually been created on November 12, 2010. (Doc. No. 29-1 ¶¶ 5-13.) If true, that date would be approximately eleven months before the Sheikhs filed the relevant application and one month too late for anticipation purposes. Based on this evidence, taken as true, a reasonable jury could find that the Police Stun Gun Flashlight was not in circulation before the critical date of October 6, 2010.

S&D also asserts that the '249 Patent was anticipated by the Chinese Police Force Flashlight. The Court cannot grant summary judgment based on this reference because a reasonable jury could find that differences in appearance between the two designs are significant enough to avoid mistaking one for the other. The Police Flashlight has a compass on the bottom, a single round slide switch on one side, and a cross-hatched handle. The design disclosed in the

'249 Patent, in contrast, has no compass, an oval slide switch on one side, an additional round button (to activate the stun feature) on the other, and a smooth handle.

**B. Invalid as Obvious**

A design patent may also be invalid if "the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *High Point Design, LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311-12 (Fed. Cir. 2013) (citation and quotation marks omitted). Determining obviousness requires a two-step inquiry: "first, one must find a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design; second, once this primary reference is found, other references may be used to modify it to create a design that has the same overall visual appearance as the claimed design." *Id.* at 1311 (citation and quotation marks omitted).

S&D submits the Chinese Police Force Flashlight as the primary reference to fulfill the first step of the obviousness inquiry, and either the Hengwei HW-108 or Skyline Stealth Model as modifying references under the second prong. The Chinese Police Force Flashlight cannot serve as the primary reference because of the aforementioned differences between it and the design disclosed in the '249 Patent. Even if it could, neither the HW-108 nor the Stealth Model could be modifying references because of material issues of fact as to whether they qualify as prior art. (Yasir Decl. (Doc. No. 29-1) ¶ 30.) Therefore, summary judgment of invalidity based on obviousness is unavailable.

**C. Invalid for Noninvention**

Next, S&D claims that the '249 Patent is invalid because Hengwei, a Chinese manufacturer, created the patented design—not the Sheikhs. A patent applicant will not receive a patent if "he did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f)

(2006).[4] Once again, material issues of fact preclude summary judgment. In particular, the declarations of both Shabbir, (Doc. No. 29-3 ¶¶ 8-13), and Yasir, (Doc. No. 29-1 ¶¶ 24-28, 30), could serve as competent evidence on which a reasonable jury could conclude that the Sheikhs invented the patented design. Since the Court is not permitted to weigh the credibility of conflicting testimony, the jury must decide the issue of inventorship.

## D. Unenforceable due to Inequitable Conduct

Finally, S&D argues that the '249 Patent is unenforceable because of the Sheikhs' alleged inequitable conduct while prosecuting it before the Patent and Trademark Office. "Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). A successful claim of inequitable conduct requires the alleged infringer to "prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. Where the alleged inequitable conduct is in the form of nondisclosure of information, "clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference." *Id* at 1290 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). Intent and materiality are distinct elements that must be proved separately: "[p]roving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* Although the court may infer deceptive intent, "the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.* (citation and quotation marks omitted). Needless to say, the burden of meeting this heavy burden falls on the party alleging

---

[4] The America Invents Act repealed § 102(f), but it remains applicable to the '249 Patent. *See supra* n.3.

inequitable conduct, and the patentee need not offer an explanation for withholding a material reference until the alleged infringer has established "a threshold level of intent to deceive by clear and convincing evidence." *Id.* at 1291.

> The burden of proof for the materiality element is also quite high:

> [A]s a general matter, the materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art. Hence, in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference. In making this patentability determination, the court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.

*Id.* at 1291-92. In contrast to the general rule, the case law is more indulgent of inequitable conduct claims where "the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit." *Id.* at 1292. In such situations, the misconduct is presumed to be material because "a patentee is unlikely to go to great lengths to deceive the PTO with a falsehood unless it believes that the falsehood will affect issuance of the patent." *Id.* Obviously, finding specific intent is a prerequisite to concluding that an "affirmative act[] of egregious misconduct" occurred. *Id.*

In this case, S&D alleges two instances of inequitable conduct: first, the Sheikhs' filing purportedly false declarations with the PTO stating that they believed themselves to be the inventors of the design disclosed in the '451 Application; and second, their failure to disclose material prior art. The same evidence that precluded summary judgment of noninvention also prevents the Court from finding the necessary specific intent to deceive the PTO for the first allegation of inequitable conduct. (*See* Shabbir Decl. (Doc. No. 29-3) ¶¶ 8-13; Yasir Decl. (Doc. No. 29-1) ¶¶ 24-28, 30.) The second allegation of inequitable conduct is unavailing because of the

factual discrepancies identified in Sections IV.A and B of this Order regarding whether the undisclosed designs are actually prior art or are similar enough to the patented design to have been material to the PTO.

## V. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      Defendant M.A.S. GA LLC, d/b/a S&D Wholesale's Motion for Partial Summary Judgment of Invalidity and Unenforceability, (Doc. No. 24), filed February 3, 2015, is **DENIED**.

2.      Defendant S&D Wholesale's Motion for Summary Judgment of Noninfringement, (Doc. No. 31), filed April 8, 2015, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 31, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties