UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SKYLINE USA, INC.,

    PLAINTIFF,

                                  Case No. 6:14-CV-0210-ACC-GJK

v.

M.A.S. Ga, LLC , d/b/a S&D Wholesale

    DEFENDANT.

## UNOPPOSED MOTION OF AMBER N. DAVIS AND KEVIN W. WIMBERLY TO WITHDRAW AS COUNSEL

Come now, Amber N. Davis, Kevin W. Wimberly and the law firm of Beusse Wolter Sanks & Maire, PLLC, counsel herein, and respectfully petition the Court for leave to withdraw as counsel for Defendant M.A.S. Ga, LLC, d/b/a S&D Wholesale, based upon the existence of irresolvable differences, which are provided in more detail below.

1.    Counsel of record have been counsel for Defendant since the inception of this case. Currently, discovery has closed and the expert report deadline has passed wherein neither party submitted any expert reports. Inasmuch as the trial of the cause has been set for May of 2016, there would be no prejudice to any party or to the Court by reason of such withdrawal.

2.    In support of this Motion, counsel of record state that there are irreconcilable differences with the Defendant that have arisen in this matter which preclude Amber N. Davis and Kevin W. Wimberly and the law firm of Beusse Wolter Sanks & Maire, PLLC from continuing to represent Defendant in this action. Defendant is not complying with the terms of the engagement letter with Beusse Wolter Sanks & Maire, PLLC and is more importantly refusing to take counsels' legal advice and participate in the instant case resulting in ethical

1

issues that require counsel to withdraw. Thus, the Florida Rules of Professional Conduct require Beusse Wolter Sanks & Maire, PLLC to withdraw.

3. Pursuant to LR 2.03(c), this Court may permit an attorney to withdraw so long as the withdrawal either 1) does not cause continuance or delay in the case, or 2) there are "compelling ethical considerations" which militate for allowing counsel to withdraw. *See Obermaier v. Driscoll,* 2000 WL 33175446, *1 (M.D. Fla. 2000); *See also United States v. Postel Indus.,* 2013 U.S. Dist. LEXIS 41322, *2 (M.D. Fla. March 7, 2013); *See also Serefex Corp. v. Jonas,* 2014 U.S. Dist. LEXIS 46617, *3-4 (M.D. Fla. March 31, 2014). In the instant case, both of the above described reasons justify -- and in fact require -- that counsel withdraw.

4. Pursuant to the provisions of LR 2.03(b), the required 10 days' notice has been served upon the Defendant and upon opposing counsel. No objection has been communicated to the undersigned attorneys from either the Defendant or opposing counsel.

5. This Motion was initially a Motion for all of Defendant's attorneys to withdraw, including Mr. Ward, but due to his recent termination by this Court (Doc. 49) the Motion was revised to apply to only Ms. Davis and Mr. Wimberly.

6. As part of this Motion, withdrawing counsel respectfully requests that Defendant be given thirty (30) days to obtain new counsel.

## MEMORANDUM OF LAW

A motion to permissively withdraw is a matter in the discretion of the court. *Obermaier v. Driscoll,* 2000 U.S. Dist. LEXIS 23239 (M.D. Fla. December 13, 2000) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985). Pursuant to Local Rule 2.03, the Court may permit withdrawal, provided that such withdrawal does not cause continuance or delay in

the case. Where withdrawal would cause delay or a continuance, counsel must establish "compelling ethical considerations" before the Court will allow withdrawal. In considering a motion to withdraw, other federal courts have weighed "the reasons why withdrawal is sought; the prejudice withdrawal may cause the litigants; the delay in the resolution of the case which would result in withdrawal; and, the effect of withdrawal on the efficient administration of justice." *Obermaier,* 2000 U.S. Dist. LEXIS at *2-3 (citing *Rusinow v. Kamara,* 920 F. Supp. 69, 71 (D.N.J. 1996); see *Carter v. City of Philadelphia*, 2000 U.S. Dist. LEXIS 5711, 2000 WL 537380 at *1 (E.D. Penn. April 25, 2000) (citing cases applying weighing test)). In the instant case, as addressed above, Defendant is not complying with the terms of the engagement letter with Beusse Wolter Sanks & Maire, PLLC and is more importantly refusing to take counsels' legal advice and participate in the instant case resulting in ethical issues that require counsel to withdraw.

The Rules Regulating the Florida Bar, which govern the conduct of all attorneys admitted to practice in the Middle District of Florida sanction withdrawal where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" and where "the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement." *See* Rule 4-1.16(b)(2) and (3), Rules Regulating the Florida Bar. In the instant case, both situations are applicable and the undersigned attorneys have duly notified Defendant of their intent to withdraw, and defendant has failed to object. Notably, Plaintiff and its counsel does not object to the undersigned attorneys withdrawal in the instant case.

**LOCAL RULE 3.01(g) CERTIFICATION**

In accordance with Local Rule 3.01(g), counsel for the moving party has conferred with Attorney Robert Oake, counsel for Plaintiff in a good faith effort to determine whether or not this motion is opposed, and is authorized to represent to the Court that Plaintiff has no objection to the relief requested in this motion.

WHEREFORE, Amber N. Davis, Kevin W. Wimberly and the law firm of Beusse Wolter Sanks & Maire, PLLC respectfully request that this Court enter an order permitting them to withdraw as counsel of record for the Defendant, and further directing Defendant to secure substitute counsel within thirty (30) days.

DATED this 2nd day of November, 2015,

Respectfully submitted,

/s/ Amber N. Davis
Amber N. Davis
Florida Bar No. 0026628
Kevin W. Wimberly
Florida Bar No. 0057977
BEUSSE WOLTER SANKS & MAIRE, PLLC
390 North Orange Avenue,
Suite 2500
Orlando, Florida 32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
Email: adavis@iplawfl.com
Email: kwimberly@iplawfl.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of November, 2015, I electronically filed the foregoing with the Clerk of Court of the United States District Court using the ECF system,

which will send notification to all counsel of record and the notice of electronic filing via the CM/ECF system.

                                                    */s/ Amber N. Davis*
                                                    Attorney